UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AT&T CORP.,
    Plaintiff,

v.

TELIAX, INC.,
    Defendant.

Case No. 16-cv-01914-WHO

**ORDER DENYING MOTION TO CHANGE VENUE**

Re: Dkt. No. 10

## INTRODUCTION

Plaintiff AT&T Corp. contends in this case that defendant Teliax, Inc. failed to make payments pursuant to a contract between the parties. Teliax seeks to transfer the case from this district to the District of Colorado. Because Teliax waived personal jurisdiction, venue is proper in this district. A discretionary transfer under 28 U.S.C. § 1404(a) is unwarranted. Teliax's motion is DENIED.

## BACKGROUND

AT&T provides national telecommunication and information services. Compl. ¶ 1 [Dkt. No. 1]. AT&T is a New York corporation with its principal place of business in Bedminster, New Jersey. *Id*. Teliax is a carrier certified by the California Public Utilities Commission to provide telephone exchange services to users in California. *Id*. ¶ 2. Its principal place of business is in Denver, Colorado and it is incorporated in Colorado. *Id*.

Around July 2011, AT&T and Teliax entered into a contract in which AT&T agreed to provide Voice Over IP Connect Service ("AVOICS") to Teliax under contractually specified terms and conditions. *Id*. ¶¶ 6-7. AVOICS is an internet communication software that Teliax subscribers used for long-distance calls. *Id*. ¶ 7. In exchange for these services, Teliax agreed to pay AT&T a monthly fee, plus extra charges associated with late payments. *Id*.

AT&T performed its obligations under the contract from October 2011 to September 2015. *Id*. ¶ 8. It asserts that Teliax stopped making many of its payments beginning around May 2014. *Id*. ¶ 9. AT&T issued multiple demands for payment and ultimately terminated its services around September 2015. *Id*. ¶¶ 10-11. As a result, Teliax allegedly owes AT&T at least $382,497.29 including late payment charges. *Id*. ¶ 12.

The complaint consists of two claims, a breach of contract claim and a "Common Count - Open Book Account" claim based on liquidated damages stemming from the breach of contract allegation. AT&T contends that venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions under the AVOICS Contract occurred in this district. *Id*. ¶ 5. According to AT&T, Teliax "substantially performed" the Contract in California "based on Teliax's termination of access services to end users in [this state]." *Id*. ¶ 4. Additionally, about 80% of the AVOICS calls terminated in California and "the largest portion of end users [were] located in Northern California." *Id*. ¶ 8.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss a case for improper venue. The question of whether venue is "wrong" or "improper" is generally governed by 28 U.S.C. § 1391. When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper. If it does not, venue is improper, and the district court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Additionally, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." The purpose of this section is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotations omitted). The moving party bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1088 (N.D. Cal. 2002). A motion for transfer lies within the

1  broad discretion of the district court, and must be determined on an individualized basis.  *Jones v.*
2  *GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

**DISCUSSION**

Teliax moves under Rule 12(b)(3) to have this case transferred to the District of Colorado pursuant to 28 U.S.C. § 1406 or, alternatively, to transfer venue for "convenience" purposes under 28 U.S.C. § 1404.

**I.     28 U.S.C. § 1406**

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Venue is proper in "a judicial district in which any defendant resides," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b).  A defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).  It is the plaintiff's burden to demonstrate that venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

AT&T asserts that venue is proper in this district because Teliax failed to argue lack of personal jurisdiction in its motion. Oppo. at 6 [Dkt. No. 18].  A party waives a defense based on lack of personal jurisdiction by omitting it from its first Rule 12(b) motion.  Fed. R. Civ. P. 12(h).  In its reply brief, Teliax concedes that it waived its right to challenge personal jurisdiction but argues that venue is nonetheless improper.  Reply at 6 ("AT&T is also correct that Teliax waived its right to challenge personal jurisdiction by not raising it in a 12(b) motion.").  But, because Teliax did not contest personal jurisdiction, it is therefore "subject to personal jurisdiction" in this district for the purposes of establishing venue.  28 U.S.C. § 1391; *see also* Wright & Miller § 3811.1Particular Classes of Parties – Corporations, 14D Fed. Prac. & Proc. Juris. § 3811.1 (4th ed.) ("[I]f an entity defendant waives its right to object to personal jurisdiction, it has ipso facto consented to venue under [28. U.S.C. § 1391].  It is, after all, 'subject to personal jurisdiction with respect to the civil action in question.'"); *Underberg v. Employers Mut. Cas. Co.*, No. 15-cv-112,

1  2016 WL 1466506, at *5 (D. Mont. Apr. 14, 2016) (holding that because the defendant did not
2  challenge personal jurisdiction, it waived its right to do so under Rule 12(h)(1) and therefore
3  venue was proper under 28 U.S.C. § 1391(1)).  Accordingly, no transfer or dismissal is proper
4  pursuant to 28 U.S.C. § 1406.

**II.   28 U.S.C. § 1404**

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 USC § 1404(a).  "Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum's being 'wrong.'"  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013).  A motion to transfer venue under section 1404 requires a consideration of multiple factors including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."  *Jones*, 211 F.3d at 498-99.

Teliax has not made the required "strong showing" that this case should be transferred to the District of Colorado.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").  Many of the factors, including the governing law, the location where the agreements were executed, and the ease of access to sources of proof, do not weigh in favor of either forum.  For example, the parties agree that New York law governs the contract at issue.  Both this district and the District of Colorado would be equally positioned to apply New York law.  Further, Teliax contends that given that the contract was negotiated and executed in Colorado, "most" of the documents related to AT&T's breach of contract claim are expected to be in Colorado.  Mot. at 8 [Dkt. No. 10].  But AT&T, which is likely more familiar with the evidentiary basis for its complaint, asserts that the relevant documents have been

generated and maintained electronically and therefore can be accessed from computers nationwide. *See Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 780 (N.D. Cal. 2014) ("[W]here electronic discovery is the norm (both for electronic information and digitized paper documents), ease of access is neutral given the portability of the information.").

The factors that weigh in Teliax's favor do so only slightly. Teliax contends the location of the witnesses dictates that this case should be heard in Colorado. It asserts that "roughly half" of its anticipated witnesses are in Colorado. Mot. at 7. "However, the convenience of a litigant's employee witnesses are entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum." *Skyriver Tech. Sols., LLC v. OCLC Online Computer Library Ctr., Inc.*, No. 10-cv-03305-JSW, 2010 WL 4366127, at *3 (N.D. Cal. Oct. 28, 2010). More important to me is the convenience of non-party witnesses, and Teliax acknowledges that their identities are not known at this stage of the lawsuit. Mot. at 9. Moreover, AT&T represents that its likely witnesses are scattered throughout the United States including in Florida, Wisconsin, Illinois, and Texas. Oppo. at 8. In addition, AT&T represents that depositions will be taken in a location convenient to the witnesses or via teleconference. Oppo. at 8.

Teliax also argues that because it is principally located in Colorado, litigating in this district would be expensive. Mot. at 8. While I recognize that litigating in California may be more burdensome than litigating in Colorado for Teliax, which is dwarfed in size and revenue by AT&T, a plaintiff's choice of forum is afforded substantial weight. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (recognizing that "great weight is generally accorded plaintiff's choice of forum").

Lastly, courts also consider the "administrative difficulties flowing from court congestion" as another factor relevant to determining whether to grant a motion to transfer pursuant to section 1404(a). *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Teliax contends that AT&T has chosen to burden the already "busy" Northern District of California when it could have brought its lawsuit as a counterclaim (although not a compulsory one) in other litigation pending between the parties in the District of Colorado. Mot. at 1, Reply at 3. While I appreciate the concern for this district's docket, AT&T is not required to bring its suit

in Colorado. The Colorado case is a suit for monetary damages under the Communications Act based on Teliax's allegations that AT&T refused to pay it for the use of its facilities to switch and deliver toll free calls from end users to AT&T's toll free subscribers. Aldworth Decl., Exh. A [Dkt. No. 10-1]. This case, on the other hand, involves an alleged breach of the AVOICS contract under which AT&T performed a long-distance, internet-based service for Teliax's subscribers. As AT&T represents, and Teliax does not dispute, none of the phone calls at issue in the Colorado case are at issue here and different divisions within AT&T are involved in the two lawsuits. Lordo Decl. ¶ 4 [Dkt. No. 18-1]. While the two lawsuits share some overlapping elements, and AT&T likely could have brought the instant suit in Colorado, it was not required to do so. Administrative considerations do not compel a transfer.

Ultimately, Teliax has not carried its burden to present a strong show of inconvenience. Transfer pursuant to 28 USC § 1404(a) is unwarranted.

## CONCLUSION

Teliax's motion to transfer venue is DENIED.

**IT IS SO ORDERED**.

Dated: August 11, 2016

WILLIAM H. ORRICK
United States District Judge